UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEANNE MILLIGAN, | Case No. 2:14-CV-1739 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC. dba SAM'S CLUB #6257, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Leanna Milligan's (hereinafter "plaintiff") motion to remand. (Doc. # 8). Defendant Wal-Mart Stores, Inc. (hereinafter "Walmart") filed a response, (doc. # 10), and plaintiff filed a reply, (doc. # 11).

Also before the court is defendant Cynthia Guerra's (hereinafter "Guerra") motion to dismiss. (Doc. # 3). Plaintiff filed a response, (doc. # 7), and Guerra filed a reply, (doc. # 9).

**I.   Background**

This is a slip and fall case. On October 21, 2012, plaintiff was visiting a Sam's Club store when she slipped and fell on a substance on the floor. (Doc. # 1-2). On September 25, 2014, plaintiff filed the instant action in state court against defendants as the owners and operators of the store. Plaintiff alleged that defendants breached their duties to exercise reasonable care and keep her safe, asserting various negligence claims. (Doc. # 1-2).

On October 20, 2014, Walmart removed the action to this court on the grounds of diversity jurisdiction. (Doc. # 1). Guerra then filed her motion to dismiss, and plaintiff moved to remand. (Docs. # 3, 8).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

### i. Motion to remand

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566–67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996).

An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*

There is a general presumption against finding fraudulent joinder. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 811 F.2d 1336, 1339. The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.* However, "[f]raudulent joinder must be

James C. Mahan
U.S. District Judge

- 2 -

proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

      ii.      *Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

Plaintiff argues that remand is appropriate because Guerra and defendant Sam's Business Real Estate Trust (hereinafter "the trust") are both Nevada residents, defeating diversity. (Doc. # 8).

"A trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Nevada Secretary of State records on the trust indicate that its trustee resides in Bentonville, Arkansas. (Doc. # 11). Therefore, the trust is not a citizen of Nevada and does not defeat diversity.

Defendants do not contest plaintiff's allegation that Guerra is a citizen of Nevada. (Doc. # 10). Plaintiff is also a citizen of Nevada. (Doc. # 1). However, Walmart argues that Guerra was fraudulently joined and thus that her citizenship does not defeat diversity. (Doc. # 10).

At the time of the incident at issue, Guerra was employed as the membership assistant manager of the Sam's Club store where plaintiff was injured. (Doc. # 10-1). Guerra was one of eight assistant managers employed by that Sam's Club store. (Doc. # 10-1). Guerra was not responsible for overseeing safety sweeps, and spent half of her hours outside the store attempting to enroll new Sam's Club members. (Doc. # 10-1).

However, Guerra may be considered fraudulently joined only if plaintiff obviously fails to state a claim against her pursuant to settled Nevada law. Plaintiff's complaint alleges that Guerra was an employee or authorized agent of Walmart acting within the course of her employment or agency at the relevant time. (Doc. # 1).

James C. Mahan
U.S. District Judge

- 4 -

Plaintiff asserts a number of general allegations against defendants generally, including premises liability, failure to warn, and negligence. (Doc. # 1). Plaintiff further alleges that defendant Sam's Club is liable for the negligent acts of Guerra as its agent or employee. (Doc. # 1).

In its response to plaintiff's motion to remand, Walmart argues that Guerra is fraudulently joined because there is no basis for liability against her. (Doc. # 10). Walmart cites cases establishing general negligence principles in other circumstances in its attempt to prove the absence of a valid claim against Guerra. (Doc. # 10). These cases do not make it obvious that plaintiff has no claim against Guerra based on settled Nevada law. *See Moody v. Manny's Auto Repair*, 871 P.2d 935, 943 (Nev. 1994) (abandoning distinctions in standard of liability for owner or occupier of land); *Sierra Pac. Power Co. v. Rinehart*, 665 P.2d 270, 272 (Nev. 1983) (discussing nondelegable duties of landowners).

While plaintiff may not ultimately recover against Guerra, this does not mean that she was fraudulently joined. In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims against the defendant. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (failing to find fraudulent joinder where claim was impliedly preempted because this analysis required inquiry into the merits of plaintiff's claim and thus was not obvious according to the settled rules of the state).

Defendants have not met their burden of proving fraudulent joinder by clear and convincing evidence. The court finds that Guerra was not fraudulently joined, and thus that her citizenship defeats diversity in this case. For this reason, the court will grant the motion to remand.

In light of this ruling, the court lacks subject matter jurisdiction over the instant case. Guerra's motion to dismiss will be denied as moot and the case will be remanded.

**IV.    Conclusion**

Accordingly,

James C. Mahan
U.S. District Judge

- 5 -

James C. Mahan
U.S. District Judge

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
2 remand, (doc. # 8), be, and the same hereby is, GRANTED.  The matter shall be REMANDED
3 for further proceedings.
4    IT IS FURTHER ORDERED that defendant Guerra's motion to dismiss, (doc. # 3), be,
5 and the same hereby is, DENIED as moot.
6    DATED December 17, 2014.

              _____
              UNITED STATES DISTRICT JUDGE